FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2021

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER O., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-0251-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 17. Attorney Lora Lee Stover represents Christopher O. (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income alleging disability since October 1, 2013, Tr. 249, 252, due to a loss of feeling in his extremities; pain in his right shoulder, both knees, and back; a need of glasses; hearing loss in his left ear; and head trauma in 2015 which caused memory issues, Tr. 293. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse K. Shumway

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

held hearings on March 28, 2019, Tr. 77-86, and September 20, 2019, Tr. 87-123, and issued an unfavorable decision on October 11, 2019, Tr. 50-64. The Appeals Council denied Plaintiff's request for review on June 25, 2020. Tr. 1-5. The ALJ's October 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 16, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on June 9, 1968, Tr. 250, and was 45 years old on the alleged disability onset date, October 1, 2013, Tr. 293. Plaintiff is a high school graduate, Tr. 99, 294, and has past work in construction and automatic door installation and maintenance, Tr. 99-101, 294. He indicated he stopped working because of his conditions on October 1, 2013. Tr. 293.

Plaintiff stated he had an on-the-job knee injury in 1999 and reported continued problems with his knees. Tr. 101-102. Plaintiff indicated he has attended physical therapy for his knee issues and performs home exercises for both knee and back pain. Tr. 104-105. He stated he is only able to walk a short distance (no more than 100 yards) due to knee pain, Tr. 102, and is not able to lift very much because of back pain, Tr. 103. Plaintiff testified he is able to stand for about five minutes before he needs to sit down, Tr. 103, sit for 10 to 15 minutes before he needs to get up and move, Tr. 103, and lift and carry a maximum of 10 to 15 pounds, Tr. 104.

Plaintiff also testified he has problems with his neck. Tr. 105-106. He described his neck pain as a "hot spike" when looking up and then left and right. Tr. 105. He stated he has had problems with his right shoulder since 2014 and numbness in his left thumb due to a prior on-the-job injury. Tr. 106-107. Plaintiff indicated he was also scheduled for scopes related to recent stomach issues. Tr. 107-108. Finally, Plaintiff stated he has hearing loss in his left ear, but hearing aids had not been medically prescribed. Tr. 108-109.

1 Plaintiff testified the primary physical barrier to his employment was the
2 problems he had with his knees, back and neck. Tr. 109.
3 With respect to psychological issues, Plaintiff indicated he had been
4 prescribed a number of medications from Frontier Behavior Health and reported no
5 unwanted side effects. Tr. 109. In fact, Plaintiff testified the medications had
6 "done [him] a lot of good" by helping him get to sleep and act more reserved and
7 less irrational. Tr. 109. Plaintiff reported he was able to keep track of
8 appointments and keep himself on track. Tr. 111.
9 At the administrative hearing on September 20, 2019, Plaintiff admitted to
10 recent methamphetamine use. Tr. 91. An August 22, 2019 urinalysis was positive
11 for methamphetamines, but Plaintiff indicated he had been clean and sober for 240
12 days prior to that relapse. Tr. 92-93.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either

disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 11, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 1, 2013, the alleged disability onset date. Tr. 53.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical degenerative disc disease and polysubstance use disorder (methamphetamines, alcohol, and marijuana). Tr. 53.

///

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 55.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of medium exertion level work with the following limitation: he is limited to simple and low-level detailed tasks consistent with a reasoning level of three or less. Tr. 57.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 62.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of kitchen helper, laundry worker, and industrial cleaner. Tr. 62-63. Alternatively, the ALJ found Plaintiff would be able to perform the jobs of marketing clerk, food sorter and collator even if he had additional limitations of only light exertion level work with no overhead reaching; occasional postural movements except no climbing ladders, ropes, or scaffolds and no exposure to vibration, working at unprotected heights, or working around moving mechanical parts; and no more than GED reasoning level two or less with occasional and superficial contact with the public, co-workers, and supervisors. Tr. 63.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 1, 2013, the alleged onset date, through the date of the ALJ's decision, October 11, 2019. Tr. 63-64.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by: (1) failing to identify that Plaintiff had severe physical impairments other than his neck condition and failing

1  to find that Plaintiff had severe mental impairments other than polysubstance use
2  disorder; (2) in assessing Plaintiff's residual functional capacities; and (3) in
3  finding Plaintiff capable of performing substantial gainful activity at step five of
4  the sequential evaluation process.  ECF No. 15 at 11.

## DISCUSSION

**A.    Step Two**

Plaintiff contends the ALJ erred at step two of the sequential evaluation process by:  (1) concluding Plaintiff did not have a severe mental impairment other than polysubstance abuse and (2) finding Plaintiff did not have severe physical impairments other than his cervical degenerative disc disease.  ECF No. 15 at 11-13.

Plaintiff has the burden of proving he has a severe impairment at step two of the sequential evaluation process.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912.  In order to meet this burden, Plaintiff must furnish medical and other evidence that shows he has a severe impairment.  20 C.F.R. § 416.912(a).  Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find a claimant lacks a medically severe impairment or combination of impairments at step two only when this conclusion is "clearly established by medical evidence."  *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find the medical evidence clearly established Plaintiff did not have a severe impairment.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

///

### 1. Mental Impairments

Plaintiff argues the ALJ erred by finding Plaintiff's polysubstance abuse was his only medically determinable psychiatric impairment. ECF No. 15 at 11-13. Defendant responds that the ALJ reasonably found Plaintiff had no severe mental health impairments besides drug abuse. ECF No. 17 at 8-10.

Although, as noted by the ALJ, the record reflects provisional psychological diagnoses, such as rule-out cognitive disorder not otherwise specified, rule-out neurocognitive disorder, rule-out ADHD, rule-out somatic symptom disorder, rule-out bipolar disorder, and rule-out borderline personality disorder, as well as varying diagnoses for mental health symptoms, such as depressive disorder, PTSD, mixed anxiety and depressive disorder, unspecified personality disorder with anti-social personality features, mild cannabis use disorder, and recurrent and moderate major depression, the ALJ found Plaintiff's mental symptoms best explained by the severe impairment of polysubstance use disorder.[1] Tr. 53.

The Court notes that Plaintiff's disability application did not assert a severe mental impairment, other than 2015 head trauma which caused memory issues, Tr.

---

[1] If a claimant's disability claim involves drug and alcohol abuse ("DAA"), the ALJ must consider first whether the claimant is under a disability considering all of the claimant's impairments, including DAA, because DAA may not serve as an independent basis for a disability finding. If the ALJ concludes the claimant's impairments—including DAA—are disabling, the ALJ must then determine whether DAA is a "material factor" contributing to the disability, i.e., whether the claimant's impairments would disable him independent of the limitations resulting from DAA. 20 C.F.R. §§ 404.1535(a), 416.935(a). Because the ALJ in this case found Plaintiff's impairments, including his severe polysubstance abuse, were not disabling, the ALJ was not required to make alternate findings to determine whether Plaintiff would be disabled if he stopped using drugs or alcohol.

293, and Plaintiff did not allege or describe severe mental limitations at the time of the administrative hearing. Instead, with respect to his mental health, Plaintiff specifically testified he was able to keep track of appointments and keep himself on track. Tr. 111. Plaintiff did not offer medical or other evidence to demonstrate he had a medically severe mental impairment other than polysubstance abuse. 20 C.F.R. § 416.912(a).

In any event, the Court finds, as stated by the ALJ, Tr. 53, that Plaintiff's mental health symptoms were considered in the decision. The ALJ specifically accounted for any alleged mental health symptoms of Plaintiff in the RFC assessment by limiting Plaintiff to work involving no more than simple and low-level detailed tasks consistent with a reasoning level of three or less. Tr. 57. Any error the ALJ may have made in failing to include any alleged mental impairments at step two was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to include impairment as severe at step two was harmless error where ALJ considered the limitations posed by the impairment at step four); *Johnson v. Shalala,* 60 F.3d 1428, 1436 n. 9 (9th Cir. 1995) (an error is harmless when the correction of that error would not alter the result); *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

### 2. Physical Impairments

Plaintiff also contends the ALJ erred at step two by failing to find he had severe physical impairments in addition to his cervical degenerative disc disease. ECF No. 15 at 13. Plaintiff specifically challenges the ALJ's findings that Plaintiff's back, knee, shoulder and thumb conditions were not deemed severe impairments. *Id*.

Plaintiff's brief merely states that the medical record establishes he has thoracic/lumbar degenerative disc disease, knee impairments, a shoulder impairment, and difficulties using his thumbs. ECF No. 15 at 13. However, "the

1 mere existence of an impairment is insufficient proof of a disability." *Matthews v.
2 Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *Edlund v. Massanari*, 253 F.3d 1152,
3 1159-1160 (9th Cir. 2001) (a claimant must prove an impairment affects his ability
4 to perform basic work activities).  Plaintiff fails to specify any functional
5 limitations from these diagnoses that were not accounted for by the ALJ.

6      The ALJ considered the foregoing conditions, Tr. 54, and found the record
7 reflected only transient and mild symptoms and limitations, *see* Tr. 450 (imaging
8 of lumbar spine); 512 (ultrasound of shoulder and thumb); 1032 (imaging of knee);
9 1081 (imaging of lumbar spine), the conditions were well controlled with
10 treatment, and they did not persist for twelve continuous months, *see* 42 U.S.C. §§
11 423(d)(1)(A), 1382c(a)(3)(A) (an individual shall be considered disabled if she has
12 an impairment which can be expected to result in death or which has lasted or can
13 be expected to last for a continuous period of not less than 12 months).

14      The Court finds substantial evidence supports the ALJ's determination that
15 Plaintiff's thoracic/lumbar degenerative disc disease, knee issues, shoulder
16 impairment and thumb difficulties did not present greater than minimal limitations
17 on Plaintiff's ability to perform basic work activities.

18 **B.    Plaintiff's Subjective Complaints**

19      Plaintiff's brief provides a cursory assertion that his testimony concerning
20 his functional limitations should have been afforded significant weight by the ALJ.
21 ECF No. 15 at 14.  Defendant responds that the ALJ identified multiple factors that
22 undermined Plaintiff's subjective complaints, *see* Tr. 58, all of which were
23 unchallenged by Plaintiff.  ECF No. 17 at 7.

24      Plaintiff's opening brief does not specifically challenge the reasons provided
25 by the ALJ for discounting Plaintiff's subjective complaints.  The Court ordinarily
26 will not consider matters on appeal that are not specifically challenged in an
27 opening brief, *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2
28 (9th Cir. 2008), and will not "manufacture arguments for an appellant,"

1 *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because the Court will not consider claims that are not specifically and distinctly argued in an opening brief, any contention that the ALJ erred by discrediting Plaintiff's subjective complaints is deemed waived.

## C.    Residual Functional Capacity

Plaintiff also briefly argues that the ALJ's RFC assessment is flawed because he is not capable of performing medium exertion work and his mental limitations were not adequately addressed by the RFC assessment. ECF No. 15 at 13. Defendant responds that the ALJ reasonably assessed Plaintiff's RFC in this case. ECF No. 17 at 10-11.

Plaintiff's one-sentence RFC determination argument fails to identify any contradictory medical source opinion evidence, and Plaintiff does not argue that the ALJ erred by rejecting the opinion of any specific medical professional of record. The Court finds Plaintiff has failed to advance a specific, valid error with respect to the ALJ's evaluation of the medical evidence or the determination regarding Plaintiff's residual functional capacity.

## D.    Step Five

Plaintiff's final contention is that the ALJ erred at step five of the sequential evaluation process by failing to rely on the vocational expert's testimony concerning absenteeism and being off task. ECF No. 15 at 14. Defendant responds that although the vocational expert testified that an individual would be unemployable if he were frequently absent or if he were off task for at least 20 percent of the workday, Tr. 119-120, neither Plaintiff's testimony nor any medical opinion of record establishes Plaintiff had such limitations. ECF No. 17 at 13.

As indicated above, the ALJ did not err at step two, the Court deems waived any contention that the ALJ erred by discrediting Plaintiff's subjective complaints, and Plaintiff failed to advance a legitimate error with respect to the ALJ's RFC determination. Therefore, the ALJ's RFC determination is sustained.

The ALJ's RFC determination held that Plaintiff could perform a full range of medium exertion level work with the restriction to simple and low-level detailed tasks consistent with a reasoning level of three or less.  Tr. 57.  At the administrative hearing held on September 20, 2019, the vocational expert testified that with the RFC assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of kitchen helper, laundry worker, and industrial cleaner.  Tr. 63, 117-118.  Since the vocational expert's testimony was based on a properly supported RFC determination by the ALJ, the Court finds the ALJ did not err at step five of the sequential evaluation process in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.  Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 15, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE